UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

ISMAEL VALDEZ,

    Plaintiff,

v.

CORONER, et al.,

    Defendants.

Case No. 24-cv-09172-JST

**ORDER OF DISMISSAL**

Plaintiff, an inmate at Santa Cruz County Jail, has filed a *pro se* action pursuant to 42 U.S.C. § 1983. Now before the Court for review under 28 U.S.C. § 1915A is Plaintiff's complaint, ECF No. 1. Plaintiff has been granted leave to proceed *in forma pauperis* in a separate order.

**DISCUSSION**

**A.    Standard of Review**

A federal court must conduct a preliminary screening in any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. *See* 28 U.S.C. § 1915A(a). In its review, the court must identify any cognizable claims and dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief may be granted or seek monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915A(b)(1), (2). *Pro se* pleadings must, however, be liberally construed. *See United States v. Qazi*, 975 F.3d 989, 993 (9th Cir. 2020).

Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "Specific facts are not necessary; the statement need only "'give the defendant fair notice of what the . . . claim is and the

grounds upon which it rests.'" *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (citations omitted). While Rule 8 does not require detailed factual allegations, it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation. *Ashcroft v. Iqbal*, 556 U.S. 662, 677–78 (2009). A pleading that offers only labels and conclusions, or a formulaic recitation of the elements of a cause of action, or naked assertions devoid of further factual enhancement does not suffice. *Id.*

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. *See West v. Atkins*, 487 U.S. 42, 48 (1988).

## B.   Dismissal Without Prejudice

In the caption of the form complaint, the complaint names as defendants Sheriff Coroner, Santa Cruz County Deputy, jail official Santillian and Mr. Garcia. The complaint is extremely hard to read. The cramped, small handwriting is nearly illegible in many parts. At best, the Court can ascertain that deputy Santillian flashed a red light at Plaintiff on December 2, 2024; that deputy Garcia spit into Plaintiff's breakfast on December 3, 2024; and that on December 7, 2024, someone threatened to stab Plaintiff. The complaint does not identify what federal law or constitutional provision was violated by these actions, and the allegations are too conclusory for the Court to ascertain if Plaintiff's federal rights were violated.

Regardless, this action must be DISMISSED because it is clear from the face of the complaint that Plaintiff has not exhausted his administrative remedies. The Prison Litigation Reform Act of 1995, Pub. L. No. 104-134, 110 Stat. 1321 (1996) ("PLRA"), amended 42 U.S.C. § 1997e to provide that "[n]o action shall be brought with respect to prison conditions under [42 U.S.C. § 1983], or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). Plaintiff reports that he did not make any attempt to use the prison's administrative grievance process and instead directly sent a complaint letter to this Court on December 16, 2024, and that he is not required to exhaust his administrative remedies because the Court instructed him to file a complaint. ECF No. 5 at 1-2. The Clerk of the Court's administrative notices sent to

1  Plaintiff on December 19, 2024 (ECF Nos. 3, 4) did not excuse Plaintiff from the PLRA's
2  administrative remedies exhaustion requirement.  These notices explained to Plaintiff the Court's
3  administrative requirements for filing an action in this Court.  ECF Nos. 3, 4.  Even if Plaintiff
4  meets the Court's administrative requirements for opening a case in this court, he must still
5  comply with all other requirements for maintaining this action, including but not limited to the
6  PLRA's administrative remedies exhaustion requirement.  The Court DISMISSES this action for
7  failure to exhaust administrative remedies prior to filing suit.  42 U.S.C. § 1997e(a).  The
8  dismissal is without prejudice to Plaintiff filing a new action when he has exhausted his
9  administrative remedies.

## CONCLUSION

For the reasons set forth above, the Court DISMISSES this action without prejudice for failure to exhaust administrative remedies.  Judgment is entered in favor of Defendants and against Plaintiff.  The Clerk is directed to close the case.

**IT IS SO ORDERED.**

Dated:  February 18, 2025



JON S. TIGAR
United States District Judge

3